The State of Ohio, Dept. of Public Welfare, Appellee, *v.* Licsak, Exrx., Appellant.

(No. 74AP-200—Decided November 26, 1974.)

*Mr. William J. Brown*, Attorney General, and *Mr. Robert A. Sicuro*, for appellee.

*Mr. Paul Mancino, Jr.,* and *Mr. Frank Mancino*, for appellant.

Reilly, J.  This is an appeal from a judgment of the Court of Common Pleas of Franklin County.  The record discloses that plaintiff, the appellee herein, filed a complaint for the allowance of a claim against the defendant-appellant, the executor of the decedent's estate.  The complaint reads as follows:

"1. Now comes the plaintiff State of Ohio, Department of Public Welfare, Division of Aid for the Aged, and says that the defendant is the duly appointed executor of the estate of Mary Licsak who died on or about July 26, 1972, said Thomas M. Licsak, having been appointed by the Probate Court of Cuyahoga County, Ohio, on August 30, 1972.

"2. Plaintiff further says that Mary Licsak, deceased, applied to this plaintiff, State of Ohio, Department of Pub-

lic Welfare, Division of Aid for the Aged, for aid and assistance, said application was allowed and the Auditor of the State of Ohio issued warrants in the total amount of $11,017.60.

"3. The original copy of the account of the warrants is annexed hereto and marked as Exhibit A.

"4. Plaintiff further says that such payments were made in accordance with directions given by this plaintiff, and having caused payments so described, plaintiff presented its claim to the defendant, executor of the estate of Mary Licsak, deceased, within the time provided by law and that said claim was disallowed by the executor in November, 1972, and that no portion of the aforesaid $11,-017.60 has been repaid, and that said amount is still due and owing from the estate of Mary Licsak as a preferred claim under Section 5105.13 of the Ohio Revised Code.

"5. By reason of Section 5105.13 of the Revised Code of Ohio, the State of Ohio, Department of Public Welfare, Division of Aid for the Aged, has a preferred claim against the estate of Mary Licsak, deceased.

"Wherefore, this plaintiff demands that it be paid $11,017.60 plus costs herein accrued and/or expended from the estate of Mary Licsak, deceased."

Whereupon, a motion was filed to transfer the case to Cuyahoga County because of improper venue. The issue was submitted to the trial court upon the pleadings, the briefs, and various documents and exhibits attached thereto. The trial court overruled the motion to have the case transferred to Cuyahoga County, Ohio. The court found that, since the action was filed within R. C. 109.16, Franklin County was the proper venue, and it did not have authority to transfer the action. Consequently, the motion was overruled.

Upon an appeal to this court, a motion to dismiss was sustained, because the order appealed from was not a final appealable order. The proceedings were remanded to the Court of Common Pleas of Franklin County. A pretrial hearing was held January 21, 1974. The trial court, at that time, scheduled a trial date for May 2, 1974. Meanwhile, on February 20, 1974, plaintiff filed a motion for summary

judgment, with several affidavits attached thereto. The defendant, on February 28, 1974, moved to strike or dismiss the motion for summary judgment because it was not timely filed in accordance with Civil Rule 56.

Thereafter, defendant filed a brief in opposition to the motion for summary judgment, and also a cross-motion for summary judgment. The trial court, on April 11, 1974, overruled defendant's motion to strike plaintiffs' motion for summary judgment. It also ruled that defendant would not be allowed to file evidence contrary to the motion for summary judgment, because the court found that such evidence must be filed at least fourteen days prior to the hearing date. The motion for summary judgment was granted, and a judgment was entered for the plaintiff in the sum of ten thousand four hundred fifty-three dollars and forty cents.

Subsequently, this appeal was perfected, and defendant advances six assignments of error. The first is as follows:

"I. The Common Pleas Court of Franklin County committed prejudicial error in refusing to transfer this cause to Cuyahoga County, Ohio by reason of improper venue."

As noted above, this action was filed in Franklin County, rather than Cuyahoga County. Plaintiff presumably acted within the provisions of R. C. 109.16, which provides that such actions may be brought in Franklin County by the Attorney General of Ohio. It is quite plain, however, that the provisions of R. C. 109.16, which conflict with Civil Rule 3, have been superseded by such rule, and, therefore, R. C. 109.16 is not applicable. Civil Rule 3(B)(8) provides that an action against an executor of the estate of a decedent shall be brought in the county in which he was appointed. It is alleged in the above complaint filed by appellee that defendant was appointed by the Probate Court of Cuyahoga County, Ohio, as the executor of the decedent's estate. Hence, this action must be brought in Cuyahoga County. Moreover, this is not a statutory proceeding, such as an appropriation or forcible entry and detainer action, which would require that it be advanced in a manner other

than through the applicable Rules of Civil Procedure.

Section 5, Article IV of the Ohio Constitution, provides that the Supreme Court may promulgate and pass rules of procedure. Further, it is provided in Section 5(B), Article IV of the Ohio Constitution that: "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Further, R. C. 109.16 is permissive, which indicates that it is not intended to be applicable whenever other rules of procedure require a mandatory compliance, such as Civil Rule 3(B)(8). In any event, statutory provisions would be repealed by implication by the adoption of Rules of Civil Procedure. R. C. 109.16 was in effect when the rules were promulgated and passed July 1, 1970. Hence, if the statute is inconsistent with the rules, the latter manifestly prevail. Therefore, defendant's first assignment of error is well taken and is sustained.

The second assignment of error is as follows:

"II. The court committed prejudicial error in not dismissing the action filed by the appellee in that the Probate Court of Cuyahoga County, Ohio had first acquired jurisdiction over the subject matter and the parties and it was proper for that court to finally hear and determine this action."

The record indicates the Probate Court of Cuyahoga County, which is, of course, a division of the Common Pleas Court, had the initial jurisdiction over the subject matter and the parties in this case. Thus, it was error for the Common Pleas Court of Franklin County not to dismiss this action, because there was jurisdiction in the Cuyahoga County Common Pleas Court over the parties and the subject matter. Consequently, defendant's second assignment of error is also well taken.

Defendant's third assignment of error is as follows:

"III. The court committed prejudicial error in overruling the motion of the defendant to strike the motion for summary judgment filed on behalf of the plaintiff."

The record indicates there was a pretrial hearing January 21, 1974, and the case was scheduled for trial May 2, 1974, as indicated above. However, no pretrial order was

entered and the record scheduling of the trial occurred by notice entered March 5, 1974. The motion for summary judgment was filed February 20, 1974. The motion to strike was filed on February 28, 1974, because plaintiff's motion was not in accordance with the provisions of Civil Rule 56(A). That rule provides that when a party is seeking affirmative relief, and a pretrial hearing has been set, a motion for summary judgment may be made only with leave of court. Thus, the only way the plaintiff could properly file the motion for summary judgment would have been with leave of court. There is no entry granting such leave. Thus, there was error in overruling the motion to strike the motion for summary judgment. Consequently, defendant's third assignment of error is sustained.

Defendant's fourth assignment of error is as follows:

"IV. The court committed prejudicial error in relying upon improper affidavits filed by the plaintiff in support of its motion for summary judgment."

The record reveals that the plaintiff, as part of the motion for summary judgment, filed three affidavits, attempting to show there were no genuine issues as to any material facts. The affidavits, however, upon examination, show they are based upon legal conclusions rather than supporting facts. We note Civil Rule 56(E), in part:

"* * * [A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *"

This rule becomes particularly significant considering that the affidavits are not subject to cross-examination. Therefore, the consideration and use of such affidavits, particularly over the objection of the defendant, was not proper in this case. Accordingly, defendant's fourth assignment of error is well taken and sustained.

Defendant's fifth assignment of error is as follows:

"V. The court committed prejudicial error in not allowing evidence to be filed by the defendant in opposition to the motion for summary judgment."

The trial court, in its decision, indicated it would not allow defendant to file evidence opposing the motion for

summary judgment because such evidence was required to be filed fourteen days prior to the hearing. Civil Rule 56(C) provides that the party against whom the motion for summary judgment has been filed may file opposing evidence "prior to the day of hearing * * *." Consequently, since the motion for summary judgment was heard by the court April 11, 1974, defendant would not be required to file its evidence for opposing affidavits until April 10, 1974. Hence, defendant's fifth assignment of error is also well taken.

Defendant's sixth assignment of error is the following:

"VI. The court erroneously granted the motion for summary judgment to the plaintiff in that the plaintiff failed to sustain its burden to show that there were no genuine issues as to any material facts and that it was entitled to a judgment as a matter of law."

We note, among the allegations contained in the complaint, that a claim was presented to the defendant as executor of the estate of the decedent. This, however, was denied in the answer of the defendant. Thus, as part of its proof that it should be granted judgment as a matter of law, the plaintiff must establish that it presented a claim against the estate of the decedent within four months of his appointment as executor. (R. C. 2117.06.) We reiterate, this was denied in the answer and there is nothing presented in the motion for summary judgment to show that a claim in accordance with the statutory requirement was, in fact, filed by the plaintiff. We further stress that the burden is upon the plaintiff to show that there is no genuine issue as to any material fact. Therefore, defendant's sixth assignment of error is also well taken and sustained. Accordingly, for all of the foregoing reasons, all assignments of error are well taken and sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this decision.

*Judgment reversed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.