S & S Ceiling & Partition Co. *v.*
Calvon Corporation et al.; Automatic Sprinkler
Corporation of America, Appellant; Metropolitan
Life Insurance Co., Appellee.

[Cite as S & S Ceiling Co. v. Calvon Corp. (1979),
63 Ohio App. 2d 150.]

(No. 823—Decided January 11, 1979.)

*Mr. Frederick W. Assini,* for appellant.
*Mr. Jeffrey D. Fincun* and *Mr. Frederick S. Corns,* for
appellee.

Mahoney, P. J. Defendant Automatic Sprinkler Corporation of America appeals the partial summary judgment granted defendant Metropolitan Life Insurance Company, the appellee. We reverse and remand.

Facts

This action commenced in July 1975 as a suit to foreclose a mechanic's lien allegedly held by plaintiff on premises owned by defendant Roger M. Haendiges in Brunswick. A cause of action against the Calvon Corporation (the general contractor) based on an account was also stated. A marshalling of liens was requested. The appellee was named as a party possibly claiming an interest in the premises due to a mortgage, which, as it later developed, was assigned to it by defendant Fulton &

Goss, Inc. Seven defendants were named as having filed affidavits for mechanic's liens against the Haendiges property: (1) Widenmeyer Electric (Thomas Widenmeyer); (2) the appellant; (3) Collinwood Shale Brick & Supply Co.; (4) Cuyahoga-Dunham Supply Co.; (5) Kent Electric, Inc.; (6) Reserve Roofing & Sheet Metal, Inc.; and (7) Medina Supply Co. This action was, at some point, consolidated with an action brought by Haendiges against Kent Electric, Inc.

All of the above named defendants, except Reserve Roofing & Sheet Metal, Inc., filed answers and cross-claims based upon their alleged mechanic's liens and direct actions against Calvon Corporation and Haendiges. The Tri-County Roofing & Sheet Metal, Inc., intervened and asserted a mechanic's lien. All of the alleged mechanic's liens are for labor and materials furnished for construction and improvement of the premises and total some $177,000, excluding interest. The appellant's lien is for $60,000. The labor and materials were allegedly last furnished by all of the claimants between November 1974 and April 1975.

The appellee claimed a first lien on the premises due to a promissory note in the principal sum of $890,000 given by Haendiges to Fulton & Goss, Inc., and a mortgage and security agreement securing the note given by Haendiges and his wife to Fulton & Goss, Inc., all on January 16, 1974. The mortgage was recorded January 24, 1974. Both the note and mortgage were assigned to appellee on September 25, 1974, with the mortgage assignment being recorded December 26, 1974. Due to the mortgagors' default, appellee eventually claimed it was owed $849,765.25 plus interest on the note, and some $79,000 plus interest, representing sums it had paid for insurance premiums and real estate taxes due on the property.

The appellee moved for partial summary judgment. Its essential claim, insofar as the priority of its lien was concerned, was that since the mortgage was recorded prior to any labor or material being furnished by the parties claiming mechanic's liens it was entitled to priority under R. C. 5301.23. This motion was opposed by Kent Electric, Inc., Tri-County Roofing & Sheet Metal, Inc., and Thomas Widenmeyer. Their combined claims questioned the proper execution of the mortgage, whether the appellee properly

disbursed the funds, and whether the funds were actually used in the improvement or construction of the premises. The motion was heard by referee Hay who found that the only question of fact was whether work was commenced or materials were delivered prior to the recording of the mortgage. The referee answererd this question in the negative, and recommended that the motion for partial summary judgment be granted. Thomas Widenmeyer moved for a rehearing. The trial court granted appellee's motion. This order was, however, vacated on Widenmeyer's motion and returned to the referee for consideration of the nature of the mortgage, the manner of disbursements, and whether the proceeds were actually used for construction of the building erected on the premises.

The motion was heard by referee Rosenfield. His recommendation, in part, follows:

"The Referee finds that the construction mortgage between Cleveland Trust Company and Mr. Haendiges was cancelled and that Metropolitan Life Insurance Company has a valid mortgage under section 5301.23 and not under 1311.14.

"Therefore, Metropolitan Life Insurance Company is entitled to partial Summary Judgment, the property should be sold, and after Metropolitan Life Insurance Company claims are paid, any proceeds should be held determining the balance of the payments to the other lien holders."

Widenmeyer, Kent Electric, Inc., and the appellant opposed this recommendation. In its "Response," the appellant averred that the "facts" showed that Haendiges obtained short term construction financing from Cleveland Trust Company and long term financing from Fulton & Goss, Inc. Haendiges executed a note and mortgage to Cleveland Trust, for $890,000 and also to Fulton & Goss, Inc., in the same amount. Construction commenced, and Cleveland Trust advanced funds for this purpose. Fulton & Goss, Inc., assigned to appellee, which later paid, presumably, $890,000 to Cleveland Trust, cancelling Cleveland Trust's note and mortgage. We interject that there is nothing in the record concerning Cleveland Trust except the brief mention in Rosenfield's recommendation and appellant's unsupported allegations in this "Response." The appellant went on to argue that, under *Wayne Bldg. & Loan Co.* v. *Yarborough* (1967), 11 Ohio St. 2d

195, appellee was not entitled to priority since it had not shown that its mortgage was for obligatory future advances, or that it had advanced funds to the mortgagor prior to commencement of construction. This was premised upon appellant's assertion that appellee's mortgage was one for nonobligatory future advances. The appellee filed a "Memorandum" opposing a rehearing wherein it asserted that its mortgage was not a "construction" mortgage, and, therefore, R. C. 1311.14 was inapplicable. Priority was still asserted to lie pursuant to R. C. 5301.23.

The trial court entered an order granting appellee's motion for an order of sale. (The appellee had requested that the equity of redemption be foreclosed and the property sold in the motion for partial summary judgment.) The court found that the appellee had a valid and subsisting lien on the premises and was owed the sums mentioned, *supra*. The mortgagors were found to be in default and were given three days to pay the debt or the property would be sold. No finding was made concerning the priority of appellee's lien versus the other claims, but all claims were transferred to the proceeds of sale. The property was later appraised at $1,013,000.

The trial court then granted appellee's motion for a partial summary judgment, with the express determination of no just reason for delay. The court found that the mechanic's lien claims were inferior to the lien of the appellee. The mechanic's lien claims were transferred to the proceeds of sale pending further order. No other finding regarding these claims was made. Insofar as the priority question is concerned, this order is essentially identical to the order vacated earlier.

The property was eventually sold to the appellee for $940,975. The order of confirmation awarded some $10,000 for court costs and taxes and the balance to the appellee.

### Assignment of Error

"The Decision of the Trial Court is Contrary to Law and the Trial Court Erred in Granting the Motion for Partial Summary Judgment of Defendant Metropolitan Life Insurance Company."

Appellant argues that the appellee has not shown that its mortgage is entitled to priority over appellant's lien under the holding of *Wayne Bldg. & Loan Co.* v. *Yarborough, supra*.

Since we determine that appellee's note and mortgage facially contemplate future advances, we find that the trial court should have required the appellee to come forward with other evidence demonstrating its entitlement to priority under *Yarborough,* or by subrogation to the rights of Cleveland Trust. Civ. R. 56(C); see, *State* v. *Licsak* (1974), 41 Ohio App. 2d 165. The appellee's sole claim to priority is based upon the execution and recording of the mortgage prior to any work done or material furnished on the mortgaged premises. The appellee says the mortgage is not a "construction" mortgage. By this, appellee apparently means it is not designed to achieve priority under R. C. 1311.14. This does not mean, however, that the mortgage is entitled to priority for the reason stated by appellee.

Under *Yarborough, supra,* a mortgage contemplating advances for construction on the mortgaged premises must obligate the mortgagee to disburse definite and certain sums, under definite conditions, or in a particular manner, in order to achieve priority over a valid mechanic's lien, even though the mechanic's lien becomes effective subsequent to the recording of the mortgage, where the funds are not disbursed pursuant to R. C. 1311.14. If the mortgage is not one for obligatory future advances, any disbursement made subsequent to attachment of the mechanic's lien is subsequent in priority to the mechanic's lien. See, *Akron Sav. & Loan Co.* v. *Ronson Homes* (1968), 15 Ohio St. 2d 6. A mortgage for future advances may also, of course, achieve a degree of priority over later mechanic's liens by compliance with R. C. 5301.232, but that statute is not before us.

The record contains no indication of the manner, purpose, or amount of disbursements from the appellee or anyone else to the mortgagors. The promissory note given to Fulton & Goss, Inc., and assigned to appellee contains the following language:

"For value received, the undersigned Roger M. Haendiges, promises to pay to the order of Fulton & Goss, Inc., an Ohio corporation (Lender), whose address is 1015 Euclid Avenue, Cleveland, Ohio 44115, the principal sum of Eight Hundred Ninety Thousand Dollars ($890,000.00) in lawful money of the United States of America, which shall be legal tender in payment of all debts and dues, public and private at

the time of payment, with interest on said principal sum to be computed at the rate of Nine percent (9%) per annum from and including the *date upon which disbursement of said principal sum is made.*

"Interest only as aforesaid shall be paid on the first day of each month subsequent to the *date upon which disbursement of said principal sum is made*\*\*\*." (Emphasis added.)

This language contemplates future advances of principal. Nowhere does the note give evidence that these advances are obligatory on the holder. Likewise, the mortgage and security agreement does not contain language allowing a finding that the mortgagee is obligated to disburse. This document states, in part:

"The conditions of this Mortgage are such that Mortgagors have executed and delivered to Mortgagee their certain Promissory Note of even date herewith in the principal sum of Eight Hundred Ninety Thousand Dollars ($890,000.00) (the "Note"), payable with interest and in the manner provided therein;\*\*\*.

"Mortgagors further covenant as follows:

"6. Liens. Mortgagors will not create or suffer to be created any charge, lien or encumbrance upon the Mortgaged Property, or any part thereof, excepting the lien hereof, without the prior written consent of Mortgagee.\*\*\*

"8. Remedies. In the event of default in the payment of the indebtedness hereby secured, or any part thereof, or in the performance of any of the covenants and conditions in this Mortgage, Note, Assignment of Lessor's Interest in Leases or other security document now or hereafter furnished in connection with this transaction as additional security; or in the event of any action in bankruptcy, receivership, or reorganization filed by or against Mortgagors, or any assignment or composition for the benefit of creditors made or entered into by Mortgagors; or in the event of any judgment or proceeding entered or brought against Mortgagors by or in favor of any third person affecting the Mortgaged Property or to foreclose any lien thereon, or any part thereof; or if there shall be any change in the ownership of the Mortgaged Property or any part thereof, without the written consent of the Mortgagee; then, and in any such event, at the option of Mortgagee, without notice or demand, the same being hereby expressly waived, the entire

indebtedness secured hereby shall become due, payable and collectible,***.''

The note and the mortgage and security agreement contain merely a recital of the maximum amount secured. This does not create an obligation to disburse. *Wayne Bldg. & Loan Co. v. Yarborough, supra.* None of the other evidence submitted by the appellee in support of the motion for partial summary judgment can support a finding of priority under *Yarborough.*

We do not say that the appellee is not entitled to priority over the appellant. We do find that a more thorough investigation by the trial court is in order. We are also aware that appellant must possess a valid mechanic's lien to come within the rule in *Yarborough, supra,* and that the trial court made no finding to that effect. We read the trial court's order granting a partial summary judgment to mean that appellant's lien is inferior to that of the appellee, assuming the validity of the mechanic's lien. It will be necessary, therefore, for appellant to demonstrate the validity of its lien on the remand.

### Summary

We sustain the assignment of error and reverse the judgment. The cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

BELL and VICTOR, JJ., concur.