TAYLOR, Appellant,

v.

MICRODOT, INC. et al., Appellees.

[Cite as *Taylor v. Microdot, Inc.* (1992), 79 Ohio App.3d 485.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60142.

Decided April 27, 1992.

*Seymour Gross,* for appellant.

*Reminger & Reminger Co., L.P.A.,* and *Nicholas D. Satullo,* for appellees.

SPELLACY, Judge.

Plaintiff-appellant Hassel Taylor ("appellant") appeals from the trial court's order granting summary judgment in favor of defendant-appellee ("appellee-Microdot") and defendant-appellee Buckingham, Doolittle & Burroughs ("appellee-Buckingham"). The facts giving rise to the instant appeal are as follows:

From 1972 until 1982, appellant was employed by the Valley Mould and Iron Company, a subsidiary of appellee-Microdot. Appellant worked for Valley Mould as a chipper and a grinder and was often exposed to large quantities of

sand containing silicon. During the course of his employment, appellant allegedly contracted silicosis.

On or about February 28, 1986, appellant filed a workers' compensation claim for silicosis allegedly incurred in his employment at Valley Mould. While appellant's claim was pending, Timothy Campbell, an attorney for appellee-Buckingham, represented appellee-Microdot and Valley Mould with respect to workers' compensation claims filed against them. Timothy Campbell personally handled appellant's workers' compensation claim.

In a letter dated April 21, 1986, Timothy Campbell informed appellant that he was representing appellee-Microdot and Valley Mould. Along with the letter sent to appellant, Timothy Campbell provided him with a medical release form and requested him to sign it and return it. Timothy Campbell wanted to ascertain the medical support for appellant's occupational disease claim.

Appellant signed the medical release form and returned it to Timothy Campbell. Timothy Campbell then forwarded it to the appropriate health care providers identified by appellant. Timothy Campbell eventually received appellant's medical records.

When he received appellant's medical records, Timothy Campbell did not review them in their entirety, because there had not been a hearing scheduled for the immediate future. He did, however, review approximately ten or twelve pages, and, within those pages, the only diagnosis he found was for tuberculosis. He found nothing on silicosis.

After Timothy Campbell reviewed the ten or twelve pages of appellant's medical records, he received a telephone call from the hearing officer handling appellant's workers' compensation claim. Timothy Campbell was informed that the Division of Safety and Hygiene refused to conduct an air sampling at Valley Mould's plant because appellant failed to submit any medical evidence to the Industrial Commission in support of his claim for silicosis.

During the same conversation, the hearing officer asked Timothy Campbell about appellant's medical records and his condition. Timothy Campbell informed the hearing officer that he did receive appellant's medical records, but from his limited review of them, he thought that appellant had tuberculosis, not silicosis.[1]

Timothy Campbell claimed that he offered to send the hearing officer the medical records of appellant, but she told him not to bother. She then informed Timothy Campbell that she was going to issue an order denying

---

1. Timothy Campbell subsequently stated that he ultimately reviewed all of appellant's medical records and saw that there was a diagnosis for silicosis.

appellant's workers' compensation claim on the basis that he failed to present any medical evidence in support of said claim. On August 5, 1986, appellant's workers' compensation claim was disallowed.

On December 21, 1988, appellant filed a complaint against appellees. Appellant alleged that appellees maliciously, fraudulently and by means of misrepresentation and affirmative misconduct induced him into believing that they would arrange for a medical examination to establish medical proof of his claim. Appellant further alleged that appellees did this with the intent of dissuading him from obtaining medical proof on his behalf, knowing that he was not represented by an attorney and was not knowledgeable in workers' compensation procedures. Appellant claimed appellees' conduct resulted in the disallowance of his workers' compensation claim.

On July 12, 1989, appellees jointly filed a motion for summary judgment on the grounds that appellant had failed to exhaust his administrative remedies prior to bringing the instant action. On September 21, 1989, the trial court denied appellees' joint motion for summary judgment.

On January 25, 1990, appellee-Buckingham filed a motion for summary judgment. Appellee–Buckingham argued that it never represented appellant; thus, it was immune from liability arising from its performance as legal counsel for appellee-Microdot. Appellee–Buckingham further argued that there existed no facts which suggested that it acted with malice toward appellant. In support of its motion for summary judgment, appellee-Buckingham attached the affidavit of Timothy Campbell.

On March 26, 1990, appellant filed a brief in opposition to appellee-Buckingham's motion for summary judgment. Appellant contended that the presence of malicious conduct on the part of appellee-Buckingham was clearly discernible through the conduct of Timothy Campbell. Appellant supported his brief in opposition with documentary evidence.

Also, on March 26, 1990, appellant filed a cross-motion for summary judgment against appellee-Microdot on the issue of liability.[2] Appellant argued that Timothy Campbell, who was an agent for appellee-Microdot, admitted facts which established that he did not make a good faith effort to ascertain the truth of appellant's workers' compensation claim of silicosis.

On May 16, 1990, appellee-Microdot filed a brief in opposition to appellant's cross-motion for summary judgment and also its own cross-motion for summary judgment. Appellee–Microdot argued that it had a "minimal duty" to

---

**2.** It must be noted that appellant labeled his motion as a cross-motion for summary judgment against appellee-Microdot, but, at the time, appellee-Microdot had no motion for summary judgment pending against appellant.

submit appellant's claim to the Bureau of Workers' Compensation. Appellee-Microdot asserted that it did not have the duty to abandon its adversarial rights and assume the role of advocate for the employee.

On May 17, 1990, appellant filed a motion to strike appellee-Microdot's motion for summary judgment for the reason that it was filed without leave of court and, therefore, in violation of Civ.R. 56(A). Appellant asserted that since the case was scheduled for trial on June 6, 1990, appellee-Microdot was required to obtain leave of court to file its motion for summary judgment.[3]

On May 29, 1990, appellant filed a brief in opposition to appellee-Microdot's cross-motion for summary judgment. Appellant argued that the intentional re-scheduling of his medical examinations and the intentional failure of Timothy Campbell to read his medical records created a jury question as to whether appellee-Microdot's conduct deprived him of his workers' compensation benefits.

On June 18, 1990, the trial court issued its judgment and opinion in which it granted both appellees' motions for summary judgment and denied appellant's motion. In its opinion, the trial court initially found that neither appellee-Microdot nor appellee-Buckingham had a legal duty to represent the interests of appellant while his workers' compensation claim was being processed. The trial court further found that appellee-Buckingham's actions did not create an inference or suggestion of misconduct while it represented appellee-Microdot.

Appellant filed a timely notice of appeal and subsequently raised the following assignments of error:

"I. The trial court erred in rendering summary judgment for the defendants.

"II. The trial court erred in considering the cross-motion for summary judgment filed by defendant, Microdot, Inc., without leave of court, in violation of Civil Rule 56(A) after this case was scheduled for trial.

"III. The trial court erred in not ruling on the plaintiff's motion to strike the cross-motion for summary judgment of defendant Microdot, Inc."

On January 2, 1991, appellees filed in this court a joint motion to supplement the record. Appellees sought to supplement the record in order to show that leave of court was granted to file all the motions for summary judgment.

On January 23, 1991, this court granted appellees' motion to supplement the record. On the same day, appellees filed in this court an order from the trial court, journalized on January 10, 1991. In said order, the trial court stated

---

**3.** The case was originally scheduled for March 6, 1990. Apparently, the trial court continued the trial until June 6, 1990.

that leave of court had been given to file each of the motions for summary judgment. The trial court noted that at numerous pretrial conferences, it was articulated that leave of court to brief all the issues was granted.

In separate appellate briefs, appellees raised the same cross-assignment of error pursuant to R.C. 2505.22. Appellees argued that the trial court improperly overruled their motion for summary judgment in which they claimed appellant failed to exhaust his administrative remedy pursuant to R.C. Chapter 4123.

In his first assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of appellee-Buckingham and appellee-Microdot.

A motion for summary judgment should be granted only where there is no genuine issue as to any material fact and the party is entitled to judgment as a matter of law. Civ.R. 56(C). The motion for summary judgment should not be granted unless reasonable minds could reach but one conclusion. In reviewing a motion for summary judgment, the inferences from the underlying facts are construed in the light most favorable to the nonmoving party. Civ.R. 56(C); *Wills v. Frank Hoover Supply* (1986), 26 Ohio St.3d 186, 188, 26 OBR 160, 161, 497 N.E.2d 1118, 1120; *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315.

Further, a reviewing court, upon an appeal from a summary judgment, should look at the record in the light most favorable to the party opposing the motion. *Williams v. First Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924.

■ Appellant contends that appellee-Buckingham, acting as appellee-Microdot's agent, failed to handle his workers' compensation claim in good faith.

■ In *Vandemark v. Southland Corp.* (1988), 38 Ohio St.3d 1, 6, 525 N.E.2d 1374, 1378, the Ohio Supreme Court held that "a cause of action in tort may be stated where a self-insured employer fails to process a workers' compensation claim submitted to it by its employee." We agree with the trial court's finding that the holding set forth in *Vandemark* imposes no legal duty on an employer, or the employer's legal representative, to represent the employee while his workers' compensation claim is being processed.

In the instant case, appellant's workers' compensation claim was properly filed with the Bureau of Workers' Compensation. Once appellant's workers' compensation claim was properly submitted, appellee-Microdot's "minimal duty" was met. *Id.*

■ We find that neither appellee-Microdot nor appellee-Buckingham breached any duty to appellant with regard to the submission of medical

evidence in support of his workers' compensation claim. It was the duty of appellant to prove his claim by a preponderance of the evidence, not the duty of appellees. Ohio Adm.Code. 4123–3–09(C)(3)(c).

Accordingly, we conclude that appellee-Buckingham, acting as appellee-Microdot's legal counsel, did not breach any legal duty to appellant.

■ Appellant next contends that appellee-Buckingham engaged in malicious conduct while it represented appellee-Microdot during his workers' compensation claim.

■ Legal counsel is immune from liability to a third person, while he is representing his own client, unless the third person is in privity with the client or the legal counsel acts maliciously. *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, paragraph one of the syllabus.

In the instant case, we find that appellee-Buckingham was simply acting on behalf of appellee-Microdot, while appellant's workers' compensation claim was pending. We are unable to say that appellee-Buckingham owed any duty to appellant or that appellant was in privity with appellee-Buckingham's client, appellee-Microdot.

Further, we are unable to find, based upon the evidence, that appellee-Buckingham acted maliciously while appellant's workers' compensation claim was pending. There is nothing in the record that affirmatively demonstrates that appellee-Buckingham's conduct directly resulted in the disallowance of appellant's workers' compensation claim.

Construing the evidence most strongly in favor of appellant, we find that no genuine issue of material fact exists as to whether appellee-Buckingham's or appellee-Microdot's conduct resulted in the disallowance of appellant's workers' compensation claim. Accordingly, we conclude that the trial court did not err in granting summary judgment in favor of appellees.

Appellant's first assignment of error is without merit and is overruled.

■ Appellant's second and third assignments of error will be discussed together. Appellant basically argues that the trial court erred in failing to strike appellee-Microdot's cross-motion for summary judgment, since it failed to obtain leave of court under Civ.R. 56(A).

Civ.R. 56(A) specifies that where an action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.

In this case, on November 21, 1989, the trial court scheduled a trial date for March 6, 1990 at 9:00 a.m. Subsequently, the case was rescheduled for June 6, 1990. Appellee–Microdot filed its cross-motion for summary judgment on May 16, 1990 and appellant filed a motion to strike the following day.

According to Civ.R. 56(A), the only way appellee-Microdot could have properly filed a motion for summary judgment would have been with leave of court. See *State v. Licsak* (1974), 41 Ohio App.2d 165, 70 O.O.2d 325, 324 N.E.2d 589.

This court granted appellees' motion to supplement the record on January 23, 1991 and appellees did so. The supplement to the record was the trial court's order of January 10, 1991, in which it indicated that leave of court was granted to file all motions for summary judgment.

Accordingly, we find that appellee-Microdot's motion for summary judgment was properly before the court.

Appellant's second and third assignments of error are not well taken and are overruled.

Appellees both raise the same cross-assignment of error pertaining to the trial court's order denying their first motion for summary judgment, which was filed jointly. Appellees advance their cross-assignments of error pursuant to R.C. 2505.22, which provides:

"In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part. The time within which assignments of error by an appellee may be filed shall be fixed by rule of court."

An appellee's cross-assignment of error will be addressed if this court finds that the appellant's assignment of error has merit. *Duracote Corp. v. Goodyear Tire & Rubber Co.* (1983), 2 Ohio St.3d 160, 2 OBR 704, 443 N.E.2d 184.

We do not reach the specific issues posed under appellees' cross-assignments of error, since we found that appellant's assignments of error regarding them lack merit.

The trial court's judgment is affirmed.

*Judgment affirmed.*

MATIA, C.J., concurs.

KRUPANSKY, J., concurs separately.

KRUPANSKY, Judge, concurring.

I concur in the judgment of the majority but write separately to disavow the practice of supplementing the record sanctioned by the majority in connection with appellant's second and third assignments of error.

As noted by the majority, the original record transmitted to this court did not contain trial court journal entries (1) granting appellees' leave to file their motions for summary judgment or (2) ruling upon appellant's motion to strike those summary judgment motions. Appellees acknowledged that such entries had never been journalized by the trial court, but maintained in their App.R. 9(E) motion to supplement the record that the trial court orally granted leave to file motions for summary judgment.

App.R. 9(E) does not authorize parties to retroactively revise the record after an appeal to include journal entries which never appeared in the trial court record or to add materials which are otherwise adequately reflected in the original record as in the case *sub judice*. App.R. 9(E) provides as follows:

"(E) Correction or modification of the record. If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties, by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."

Trial courts are deemed to grant leave pursuant to Civ.R. 56(B) to file motions for summary judgment after the case has been set for trial by ruling upon the merits of such summary judgment motions. *Indermill v. United Savings* (1982), 5 Ohio App.3d 243, 5 OBR 530, 451 N.E.2d 538.[4] It is likewise well settled that trial courts are presumed to overrule outstanding motions, such as appellant's motion to strike the summary judgment motions in the case *sub judice*, when the record contains no express ruling to the contrary. *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 169, 561 N.E.2d 1001, 1004 (citing *Solon v. Solon Baptist Temple, Inc.* [1982], 8 Ohio App.3d 347, 8 OBR 458, 457 N.E.2d 858, certiorari denied [1983], 464 U.S.

---

4. *State v. Licsak* (1974), 41 Ohio App.2d 165, 70 O.O.2d 325, 324 N.E.2d 589, cited by the majority has been limited to the peculiar facts of the case. The *Licsak* court reversed the trial court order granting summary judgment based upon lack of jurisdiction, improper venue and on the merits since the trial court considered an improper affidavit and precluded the opponent from introducing opposing materials. None of these reasons applies where the trial court rules upon such motions after both parties fully present their arguments on the merits as in the case *sub judice*. *Indermill v. United Savings* (1982), 5 Ohio App.3d 243, 244, 5 OBR 530, 531, 451 N.E.2d 538, 539–540.

847, 104 S.Ct. 152, 78 L.Ed.2d 141). Accord *Kane v. Ford Motor Co.* (1984), 17 Ohio App.3d 111, 112, 17 OBR 173, 174, 477 N.E.2d 662, 664.

Parties should not be permitted to shoehorn additional materials into the record under the guise of App.R. 9(E) long after any independent recollection of the underlying events has faded. Permitting such a practice to develop serves to undermine the integrity of the record and creates the potential for serious abuse.