{¶ 1} Defendant-appellant Thomas C. Rector has filed a timely application to reopen his direct appeal under App.R. 26(B). The issue presented herein deals with appellate counsel's failure to raise as error the trial court's clearing of the courtroom for the eight-year-old victim's testimony. For the following reasons, this application is denied as there is no genuine issue of material fact concerning appellate counsel's effectiveness on this issue.
 {¶ 2} A jury convicted appellant of four counts of rape against his seven-year-old step-daughter. The court sentenced appellant to four consecutive ten-year sentences and labeled him a sexual predator. On appeal, we granted leave for appellant to file an eighty-one page brief. Appellate counsel raised nine assignments of error, which this court broke into eleven separate issues, some of which had multiple subissues. On January 2, 2003, this court affirmed appellant's conviction but reversed the trial court's sexual predator decision and remanded for a proper sexual predator hearing.
 {¶ 3} On April 2, 2003, appellant filed this application to reopen. He sets forth three additional assignments of error, which he claims his appellate counsel should have assigned. These assignments are all related and shall thus be discussed together:
 {¶ 4} "Thomas Rector Was Denied His Constitutional Right To A Public Trial When The Trial Court Closed The Courtroom For The Entirety Of The Alleged Victim's Testimony."
 {¶ 5} "Thomas Rector Was Denied His Constitutional Right To The Effective Assistance Of Trial Counsel When Counsel Failed To Object To The Closure Of The Courtroom, Notwithstanding The Fact That Such A Closure Is Structural Error Requiring Reversal Without Regard To Prejudice."
 {¶ 6} "The Trial Court Committed Plain Error When It ordered The Closure Of The Courtroom, For The entirety Of The Alleged Victim's Testimony, In Violation Of Mr. Rector's Right To A Public Trial And Due Process Of Law." (Citations omitted.)
 {¶ 7} Appellant argues that his constitutional right to a public trial was violated when the trial court cleared the courtroom during the victim's testimony. Appellant notes that although closure can be permissible in some situations, the trial court failed to make the requisite findings to support closure in this case. He claims that this clearing without findings was a structural error subject to automatic reversal without a showing of prejudice. Hence, he concludes that appellate counsel's failure to raise this issue constituted ineffective assistance of counsel and requires this court to reopen the appeal due to the genuine issue surrounding counsel's effectiveness. In support of his arguments, appellant relies on cases such as: Neder v. United States
(1999), 537 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed. 35; Waller v. Georgia
(1984), 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.3d 31; and State v. Hensley
(1906), 75 Ohio St. 255.
 {¶ 8} In determining whether to reopen an appeal, we utilize the regular two-part test for ineffective assistance of counsel. State v.Burke, 97 Ohio St.3d 55, 2002-Ohio-5310, at ¶ 5, citing Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Thus, appellant must show deficient performance and that there is a reasonable probability that, but for the deficiency, the result of the trial would have been different. Id.
 {¶ 9} We start our analysis by distinguishing the United States Supreme Court case of Waller v. Georgia from the case at bar. First,Waller dealt with exclusion of the public from the entire hearing. SeeUnited States v. Osborne (1995), 68 F.3d 94, 9-11 (distinguishing Waller
in this manner and citing other circuits that also refuse to apply the four-part Waller test to partial closings and instead apply a substantial reason test). In the case at bar, exclusion occurred only as to one witness. In fact, the Supreme Court advocates closing only certain portions of a hearing as did the court in this case. Waller at 40.
 {¶ 10} Second, the defendant in Waller specifically objected to the court's closure, whereas Rector made no objection. The Waller Court specifically limited its holding by stating, "In sum, we hold that under the Sixth Amendment any closure of a suppression hearing over theobjections of the accused must meet the tests set out inPress-Enterprise * * *." Id. at 39 (emphasis added). Thus, the four-prong test for closure set forth in Waller applies only to those cases where the defendant objects.
 {¶ 11} As such, the cases that (in dicta) cite Waller as an example of structural error necessarily only refer to a denial, over the objection, of the right to public trial wherein the closure occurs throughout the whole proceeding, as opposed to an unobjected closure of the courtroom for one witness. See, e.g., Arizona v. Fulminante (1991),499 U.S. 270, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302; Neder at 8. The very definition of structural error as set forth in these cases is inapplicable to the circumstances in the case at bar. Structural error is characterized by the "entire conduct of the trial from beginning to end [being] obviously affected * * *." Fulminante at 309-310. For instance, total deprivation of the right to counsel throughout the trial has been said to affect the entire trial structurally. Id. Structural error is a constitutional deprivation which affects the framework of the whole trial rather than simply an error in the trial process itself. Id. at 310. Structural error is said to infect the entire trial process. Neder at 8. This definition may very well fit a case where the defendant is wholly denied the right to a public trial over his objection. However, the definition does not fit a case where the courtroom is closed for one witness and where the defendant fails to object. In the latter case, the "entire trial process" is not infected.
 {¶ 12} Moreover, appellant claims that the United States Supreme Court refuses to apply the harmless error doctrine to structural errors, citing Neder and Fulminante. Yet, the United States Supreme Court has basically stated that structural error does not preclude the application of the doctrine of plain error. Johnson v. United States (1997),520 U.S. 461, 468-470, 117 S.Ct. 1544, 137 L.Ed. 718. In that case, the Court conducted a plain error review. When it reached the prong of the plain error test where it was to determine whether substantial rights were affected, the Court noted that the defendant argued this was irrelevant due to structural error. Id. at 468. The court concluded that it need not decide whether the error was structural because the fourth prong of the plain error test was not met, that is before using its discretion to recognize a plain error, the appellate court must determine that the forfeited error seriously affected the fairness, integrity or public reputation of judicial proceedings or will cause a miscarriage of justice. Id. at 469-470. By stating that the structural error question need not be addressed under the third prong of the plain error test due to the failure of the fourth prong of the test, the United States Supreme Court recognized that structural error can be subject to the plain error doctrine.
 {¶ 13} The Ohio Supreme Court also recognized this fact:
 {¶ 14} "However, it is arguable whether the harmless-error/structural-error distinction discussed in cases such asNeder (in which an objection was lodged) should also apply to a plain-error case in which no objection was raised at trial. In Johnson v.United States, 520 U.S. at 466, 117 S.Ct. at 1548, 137 L.Ed.2d at 727, a case in which a criminal defendant argued that an unobjected-to error was structural, and therefore outside the plain-error strictures of Fed.R.Crim.P. 52(b), (FN2) the United States Supreme Court cautioned against "unwarranted expansion" of Fed.R.Crim.P. 52(b), and stated that even claims of serious error did not fall outside the scope of that rule. The Johnson court reasoned that expanding Rule 52(b) "`would skew the Rule's "careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed." ' " Id., quoting United States v. Young (1985), 470 U.S. 1, 15,105 S.Ct. 1038, 1046, 84 L.Ed.2d 1, 12-13, in turn quoting United States v. Frady
(1982), 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816, 827. The Johnson court further found that it had no authority to create a "structural error exception" to the rule, and seemed to hold that, in direct appeals from federal convictions, a structural error analysis is inappropriate in a plain-error situation. 520 U.S. at 466,117 S.Ct. at 1548, 137 L.Ed.2d at 727." State v. Hill (2001), 92 Ohio St.3d 191, 199.
 {¶ 15} The Ohio Supreme Court had also previously refused to reverse on public trial grounds where the court found that the defendant requested the closure or essentially agreed to it by failing to object when the court stated that closure was with the consent of the defendant. State v. Cassano, 96 Ohio St.3d 94, 2002-Ohio-3757, at ¶ 64; State v. Bayless (1976), 48 Ohio St.2d 73, 110-111. Admittedly, these cases are distinguishable from the one at bar as we have no invited error or claimed consent here. However, the point we seek to make is: if appellant's rationale is correct (that plain error rules cannot apply to structural error because structural error requires automatic reversal in the absence of certain findings), then Cassano and Bayless would have been subject to automatic reversal also.
 {¶ 16} We recognize that in State v. Hensley (1906),75 Ohio St. 255, the court stated that the right to public trial was not waived by silence after the trial court excluded all persons but the defendant, the lawyers, the newspaper men, and defendant's witness. However, that case involved closure during the testimony of more than one witness. Additionally, the only rationale behind the exclusion was because certain testimony was too obscene. Regardless, Hensley is almost one hundred years old and did not have the benefit of the United States Supreme Court analysis in Johnson as guidance.
 {¶ 17} There are also federal circuit court decisions which support our decision to deny reopening. See, e.g., United States v.Frost (6th Cir. 1997), 125 F.3d 346, 386-387 (holding that Johnson
explicitly rejected the argument that a structural error requires reversal regardless of any failure to satisfy the plain error test), citing United States v. Sassanelli (6th Cir. 1997), 118 F.3d 495, 499. See, also, United States v. Promise (4th Cir. 2001), 255 F.3d 150,161-162.
 {¶ 18} In conclusion, no objection was entered to the trial court's decision to clear the courtroom during the eight-year-old victim's testimony. Hence, the plain error doctrine applies, and we find no plain error as the outcome would not clearly have been different but for the alleged error. Plain error is a discretionary decision which must be made with utmost caution under only exceptional circumstances to prevent a manifest miscarriage of justice. State v. Noling,98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 62; Crim.R. 52(B). No circumstances here justify reversal for plain error or reopening to evaluate the doctrine.
 {¶ 19} In fact, appellant's argument herein does not even allege prejudice, rather he merely relies on what we found to be an erroneous interpretation of the public trial doctrine as it relates to structural error. We note that it appears the decision to clear the courtroom was discussed off the record at some point. (Tr. 176). For all we know, the details of this discussion could entail acquiescence or encouragement by appellant. Appellant could have been totally satisfied with the trial court's decision that bystanders, such as his wife and other family members, would not be able to hear first-hand what he did to his young step-daughter.
 {¶ 20} We conclude that appellate counsel was not ineffective for failing to raise the temporary closing of the courtroom as an assignment of error. Appellate counsel had already raised nine assignments of error in an eighty-page brief, which this court broke into eleven separate issues, some of which had multiple subissues. In fact, this court reversed and remanded on the sexual predator issue. Counsel's performance was not deficient, and even if it were, such deficiency would not have undermined this court's confidence in the outcome of the trial due to our analysis of the relevant case law.
{¶ 21}For the foregoing reasons, we refuse to reopen this appeal as there is no genuine issue as to the effectiveness of appellate counsel under App.R. 26(B).
Application for reopening denied.
Vukovich and Donofrio, JJ., concur.
DeGenaro, J., dissents; see dissenting opinion.