{¶ 80} In its opinion, the majority reverses Appellant's conviction and remands the case for a new trial because it concludes that the trial court committed prejudicial plain error when it failed to instruct the jury on the culpable mental state for trespass and failed to define the underlying crime of assault. I must respectfully dissent. The vast weight of the evidence shows that Appellant knowingly trespassed when he entered Stoddard's apartment. Furthermore, the trial court could reasonably expect the jury to use its common sense definition of assault to determine whether Appellant had the purpose to commit a criminal offense. Finally, the rest of Appellant's assignments of error are meritless. Accordingly, the trial court's decision should be affirmed.
 {¶ 81} In this case, the majority correctly concludes that the trial court erred when it failed to instruct the jury on the culpable mental state for trespass. I disagree with the majority because I do not think the trial court's error rises to the level of plain error. Given the facts of this case, Appellant's culpable mental state with respect to the trespass was not a genuine issue at trial. Appellant and Stoddard had been dating on and off for years and Appellant had stayed overnight at Stoddard's apartment. However, on the day in question, she had called the police to remove him from her home and when he entered her apartment that night, he had to force his way in by breaking the door open. Appellant's actions, when combined with his forced removal earlier in the day, remove any doubt regarding whether he knowingly trespassed into the apartment. The trial court did not commit a manifest injustice when it failed to instruct the jury on the culpable mental state for trespass because no jury could have found that the trespass was not knowing. See State v.Adams (1980), 62 Ohio St.2d 151, 155. Accordingly, the trial court did not commit plain error and Appellant's conviction should not be reversed.
 {¶ 82} Furthermore, I believe that the majority's discussion of the doctrine of structural error is misleading because that doctrine has no application to this case. Both the United States and Ohio Supreme Courts have recently clarified that the doctrine of structural error only applies when a defendant timely objects to an error. Johnson v. United States (1997), 520 U.S. 461,468-470; State v. Hill, 92 Ohio St.3d 191, 199, 2001-Ohio-0141. This court recognized as much in State v. Rector, 7th Dist. No. 01 AP 758, 2003-Ohio-5438, at ¶ 12-14. The cases which the majority relies upon when discussing structural error were all decided before 1997, so they no longer state good law to the extent that they apply a structural error analysis in the absence of a contemporaneous objection. See Hoover v. Garfield HeightsMun. Ct. (C.A.6, 1986), 802 F.2d 168; United States v. Dotson
(C.A.6, 1990), 895 F.2d 263; State v. Collins (1993),88 Ohio App.3d 291; State v. Stephenson (Aug. 7, 1991), 9th Dist. No. 90CA004942; State v. Smith (Jan. 20, 1989), 11th Dist. No. 1720. Moreover, some of those cases, such as Stephenson, are distinguishable because the defendant in those cases actually objected. And other cases the majority cites, such as State v.Reyes, 6th Dist. No. WD-03-059, 2005-Ohio-2097, did not even address the issue, finding it moot because the conviction was not supported by sufficient evidence.
 {¶ 83} Simply stated, it is improper either to apply a structural error analysis or to rely on cases which apply that analysis in this case. Appellant did not timely object to the court's instructions, so we must apply a plain error analysis. Under such an analysis, I cannot conclude that the trial court committed a manifest injustice when it did not instruct the jury on the culpable mental state for trespass.
 {¶ 84} The majority next concludes that the trial court committed reversible error because it failed to define the crime underlying the alleged aggravated burglary. In this case, the trial court instructed the jury that it would have to find Appellant guilty of trespassing in an occupied structure "with purpose to commit in the structure any criminal offense." It then defined "criminal offense" as "acts which constitute a violation of law and subject a person to criminal penalties."
 {¶ 85} The majority contrasts this case with State v.Dimitrov, 8th Dist. No. 76986, 2001-Ohio-4133, but I find that case to be on point. In Dimitrov, the trial court defined the general offense of burglary. It then instructed the jury on the element regarding the intent to commit "any criminal offense."
 {¶ 86} "Now, I haven't defined any criminal offense but you can use your common sense of theft. Anything can be a criminal offense, anything. Theft is sufficient here to find in this case (sic). If you find the State proved, beyond a reasonable doubt, all the essential elements of the offense of burglary as charged in count one of the indictment, your purpose (sic) must be guilty according to your finding." Id. at 2.
 {¶ 87} On appeal, the Eighth District held that the trial court's instruction adequately defined "any criminal act." Id.
 {¶ 88} The trial court's instruction in this case is very similar to that in Dimitrov. In Dimitrov, the trial court left it to the jury's common sense to define "theft." In this case, the trial court let the jury exercise its common sense to understand that someone kicking and beating another person is a criminal offense. Surely, a layman knows that an assault is a criminal offense. Accordingly, the trial court did not commit error in regard to this portion of its instructions.
 {¶ 89} Finally, each of Appellant's other assignments of error are meritless. In his first two assignments of error, Appellant contends that his conviction is against the manifest weight of the evidence because the State failed to prove two essential elements: 1) that he committed a criminal trespass and 2) that he intended to commit any criminal offense. But the facts of this case clearly support the jury's verdict and Appellant's arguments to the contrary are meritless.
 {¶ 90} In his fourth assignment of error, Appellant contends the trial court committed plain error when it failed to instruct the jury on the lesser included offense of burglary. However, a trial court only needs to give an instruction on a lesser included offense if "the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense" when viewed in the light most favorable to the defendant. State v. Thomas (1988),40 Ohio St.3d 213, paragraph two of the syllabus; State v.Campbell, 69 Ohio St.3d 38, 47-48, 1994-Ohio-0492. In this case, there is overwhelming evidence that Appellant inflicted physical harm on Stoddard. Since this is the only element differentiating aggravated burglary from burglary, the evidence did not require the inclusion of a lesser included offense instruction.
 {¶ 91} Finally, Appellant contends that the cumulative effect of the various errors has prejudiced him. However, the doctrine of cumulative error is not applicable where appellant fails to establish multiple instances of harmless error during the course of the trial. State v. Garner, 74 Ohio St.3d 49, 64, 1995-Ohio-0168. In this case, there are not multiple instances of harmless error, so there is no cumulative effect.
 {¶ 92} Since each of Appellant's assignments of error is meritless, the judgment of the trial court should be affirmed.