[Cite as *State v. Jones*, 2018-Ohio-4089.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| KALEONTE A. JONES | : | Case No. CT2017-0072 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Case No. CT2017-0072

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        October 02, 2018

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

D. MICHAEL HADDOX        ERIC J. ALLEN
Prosecuting Attorney        4605 Morse Road
By: GERALD V. ANDERSON, II        Suite 201
Assistant Prosecuting Attorney        Gahanna, OH 43230
27 North Fifth Street
P. O. Box 189
Zanesville, OH 43702-0189

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Kaleonte A. Jones appeals the sentence of conviction and sentence of the Court of Common Pleas of Muskingum County, Ohio. Plaintiff-Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 17, 2015 a shooting occurred on Corwin Avenue in Zanesville, Ohio. At the scene, police recovered two .40 caliber shell casings. The following day, an 11-year-old girl found a loaded Smith & Wesson firearm in a sandbox about 150 feet from where the shooting took place. The shell casings found at the scene were later confirmed to have been shot from the Smith & Wesson. Further investigation revealed appellant and a co-defendant were involved in the shooting and that the weapon belonged to appellant. Appellant confessed to the crime and his DNA was found on the trigger of the gun.

{¶ 3}   In November 2016, appellant was indicted on one count each of attempted murder in violation of R.C. 2923.02(A) and R.C. 2903.02(A), felonious assault in violation of R.C. 2903.11(A)(2), and tampering with evidence in violation of R.C. 2921.12(A)(1). Each of these charges included a firearm specification and a gang specification. Appellant was further charged with one count of participating in a criminal gang in violation of R.C. 2923.42(A) and one count of having weapons under disability in violation of R.C. 2923.12(A)(2).

{¶ 4}   In January 2017, per a plea agreement with the state, appellant entered guilty pleas to the charges of felonious assault, having a weapon under disability and one firearm specification.

{¶ 5}  In June 2017, the state filed a motion to set aside appellant's plea and reinstate the charges as appellant failed to cooperate with the state per their plea agreement. The trial court granted the motion and the matter proceeded to a jury trial on August 15, 2017. During trial, Detective Smittle testified regarding street gangs in the Columbus Ohio area.  He testified that during an interview with appellant, he asked appellant if he was a member of one particular area gang "Bomb Squad." Appellant corrected the detective, advising him he was a member of "Banger Squad." Appellant did not object to any of this testimony.

{¶ 6}   During Smittle's testimony photos were admitted of known gang members, appellant flashing gang hand signs and holding guns. Appellant objected on the basis that photos were cumulative. The trial court directed the state to limit the number of photos shown of any one individual. Appellant did not further object.

{¶ 7}   After hearing all the evidence and deliberating, the jury returned a verdict of guilty of attempted murder, felonious assault, and tampering with evidence, all with the attendant firearm specifications, and having a weapon under disability. The jury acquitted appellant of participating in a criminal gang as well as each gang specification. He was subsequently sentenced to an aggregate total of 18 years incarceration.

{¶ 8}  This appeal followed, and the matter is now before this court for consideration. Appellant raises one assignment of error:

I

{¶ 9}  "IT IS STRUCTURAL ERROR TO DEPRIVE THE APPELLANT HIS PRESUMPTION OF INNOCENCE BY ALLOWING A WITNESS TO TESTIFY REGARDING PRIOR CONVICTIONS."

{¶ 10} In his sole assignment of error, appellant takes issue with a portion Detective Smittle's testimony and photographs introduced by the state during the detective's testimony. First appellant cites the portion of Detective Smittle's testimony wherein he testified that appellant told the detective he was a member of "Banger Squad." Second, appellant appears to argue an excessive number of photos were presented of appellant flashing gang signs and holding guns. Appellant argues the detective's testimony, evidence of past convictions, and presentation of the photos violated his presumption of innocence, and amounts to structural error. We disagree.

{¶ 11}    First, as for the appropriate standard of review, the Supreme Court of Ohio stated in *State v. Wamsley*, 117 Ohio St.3d 388, 391-92, 2008-Ohio-1195, 884 N.E.2d 45:

> We have previously held that " 'if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other constitutiona[l] errors that may have occurred are subject to harmless-error analysis.' " *State v. Hill* (2001), 92 Ohio St.3d 191, 197, 749 N.E.2d 274, quoting *Rose v. Clark* (1986), 478 U.S. 570, 579, 106 S.Ct. 3101, 92 L.Ed.2d 460. Moreover, as we stated in *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, "[c]onsistent with the presumption that errors are not 'structural,' the United States Supreme Court 'ha[s] found an error to be "structural," and thus subject to automatic reversal, only in a "very limited class of cases." *Johnson v. United States*, 520 U.S. 461, 468, 117 S.Ct.

1544, 137 L.Ed.2d 718 (1997) (citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (complete denial of counsel)); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (biased trial judge); *Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) (racial discrimination in selection of grand jury); *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (denial of self-representation at trial); *Waller v. Georgia*, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) (denial of public trial); *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (defective reasonable-doubt instruction).' " *Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 18, quoting *Neder v. United States* (1999), 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35.

{¶ 12} A "structural error" analysis only supplies an automatic finding of prejudice for preserved errors thereby avoiding harmless error analysis. It does not supply an automatic finding of plain error for unpreserved errors. *Wamsley* supra citing *State v. Rector*, Carroll App. No. 01AP-758, 2003-Ohio-5438. The Supreme Court of Ohio addressed when structural error analysis should be used in *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 23:

We emphasize that both this court and the United States Supreme Court have cautioned against applying a structural-error analysis

where, as here, the case would be otherwise governed by Crim.R. 52(B) because the defendant did not raise the error in the trial court. See *Hill*, 92 Ohio St.3d at 199, 749 N.E.2d 274; *Johnson*, 520 U.S. at 466, 117 S.Ct. 1544, 137 L.Ed.2d 718. This caution is born of sound policy. For to hold that an error is structural even when the defendant does not bring the error to the attention of the trial court would be to encourage defendants to remain silent at trial only later to raise the error on appeal where the conviction would be automatically reversed. We believe that our holdings should foster rather than thwart judicial economy by providing incentives (and not disincentives) for the defendant to raise all errors in the trial court- where, in many cases, such errors can be easily corrected.

{¶ 13} Here, appellant did not object to Detective Smittle's testimony regarding gang affiliation. He therefore bears the burden of demonstrating that a plain error affected his substantial rights and, in addition that the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. at 725,734, 113 S.Ct. 1770 (1993); *State v. Perry*, 101 Ohio St.3d 118, 120, 802 N.E.2d 643 (2004). Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *Perry*, supra, at 118, 802 N.E.2d at 646.

{¶ 14} As for the photos, the admission or exclusion of evidence rests within the sound discretion of the trial court. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 15} Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Generally, all relevant evidence is admissible, and irrelevant evidence is inadmissible. Evid.R. 402.

{¶ 16} Otherwise relevant evidence is inadmissible, however, "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). A trial court has broad discretion to determine whether relevant evidence must be excluded in accordance with Evid.R. 403(A) because "the exclusion of relevant evidence under Evid.R. 403(A) is even more of a judgment call than determining whether the evidence has logical relevance in the first place." *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, at ¶ 40.

{¶ 17} As to Detective Smittle's testimony that appellant admitted to being a member of "Banger Squad," appellant failed to object, and has therefore waived all but plain error. Appellant was charged with participating in a criminal gang and several gang specifications. The detective's testimony was therefore relevant to prove the charge as well as the gang specifications. Appellant has failed to raise or argue plain error. Even if he had, however, the argument would fail as appellant cannot show prejudice – he was

acquitted of participation in a criminal gang, as well as each gang specification. We therefore find no error, plain or otherwise.

{¶ 18} As to the photos, appellant did object to the cumulative nature. In response, the trial court directed the state to limit the number of photos it introduced, and the state complied. Transcript of Trial (T) 196-197. Appellant did not further object during Detective Smittle's testimony, nor at the conclusion of the state's case when the state moved to admit the photos into evidence. T 362. During his testimony, the detective identified in the photos appellant with known gang members, appellant flashing gang hand signs, and appellant's gang tattoos. T 186-195, 197-198. The photos, like appellant's admission to gang affiliation, were relevant to the charge of participation in a criminal gang as well as the gang specifications. We therefore find no abuse of discretion in the admission of the photographs.

{¶ 19} Finally, we note appellant's brief contains a section titled "Evidence of Defendant's Past Convictions." Under this section appellant baldly states "this testimony" put at issue appellant's past convictions and removed the presumption of innocence. Appellant's brief at 6. Appellant provides no transcript reference for this alleged testimony, nor does he indicate what the alleged testimony consisted of. It is impossible to determine whether appellant is referring to the previously discussed gang affiliation statement of Detective Smittle, the photographs, or something else. Appellant has thereby failed to comply with App.R. 16(D) which states:

> (D) References in Briefs to the Record. References in the briefs to parts of the record shall be to the pages of the parts of the record

involved; e.g., Answer p. 7, Motion for Judgment p. 2, Transcript p. 231. Intelligible abbreviations may be used. If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected.

{¶ 20} "It is the duty of the appellant, not this court, to demonstrate [his] assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Taylor*, 9th Dist. Medina No. 2783-M, 1999WL61619 at *3 (Feb. 9, 1999), App.R. 16(A)(7). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996).

{¶ 21} The federal courts have discussed the problems resulting when a party omits important information in its appellate brief noting; "[c]ourts are entitled to assistance from counsel, and an invitation to search without guidance is no more useful than a litigant's request to a district court at the summary judgment stage to paw through the assembled discovery material. 'Judges are not like pigs, hunting for truffles buried in the record.' " *Albrechtson v. Bd. Of Regents* (C.A.7, 2002), 309 F.2d 433, quoting *United State v. Dunkel* (C.A.7, 1991), 927, 955, 956. The Supreme Court of Ohio, in *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 843 N.E.2d 174, 2006-Ohio-903, at ¶ 13; has also noted:

The omission of page references to the relevant portions of the record that support the brief's factual assertions is most troubling. Appellate attorneys should not expect the court "to peruse the record without the help of pinpoint citations" to the record. *Day v. N. Indiana Pub. Serv. Corp.* (C.A.7, 1999), 164 F.3d 382, 384 (imposing a public reprimand and a $500 fine on an attorney for repeated noncompliance with court rules). In the absence of the page references that S.Ct. Prac.R. VI(2)(B)(3) requires, the court is forced to spend much more time hunting through the record to confirm even the most minor factual details to decide the case and prepare an opinion. That burden ought to fall on the parties rather than the court, for the parties are presumably familiar with the record and should be able to readily identify in their briefs where each relevant fact can be verified.

{¶ 22} Because appellant's argument regarding "prior convictions" fails in this regard, the alleged error is overruled.

{¶ 23} The judgment of conviction and sentence of the Court of Common Pleas of Muskingum County is affirmed.


By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.

EEW/rw 910